United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON I. RODRIGUEZ, et al.,<br>Plaintiffs,<br>v.<br>DISTRICT COUNCIL 16 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO, et al.,<br>Defendants. | Case No. 26-cv-01730-KAW<br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br>Re: Dkt. No. 29 |

On February 27, 2026, Plaintiffs Marlon I. Rodriguez, Nicholas B. King, Leonard Quintana, Jr., Max B. Snelling, Matthew A. Harms, Danny O. Linares, Raymond A. Navarro, Jesse G. Nunez, and Steven Antonio Rodrigues filed this case against Defendants District Council 16 of the International Union of Painters and Allied Trades, AFL-CIO ("District Council 16") and International Union of Painters and Allied Trades, AFL-CIO ("International Union"). Pending before the Court is Defendants' motion to dismiss. (Defs.' Mot. to Dismiss, Dkt. No. 29.)

Having considered the parties' filings, the relevant legal authorities, and the arguments made at the October 1, 2026 hearing, the Court GRANTS IN PART AND DENIES IN PART Defendants' motion to dismiss.

## I. BACKGROUND

Defendant District Council 16 charged Plaintiffs based on the same alleged conduct relating to internal union strike-committee disbursements. (Compl. ¶ 6.) In May 2025, Defendant District Council 16 convened a series of Trial Board disciplinary hearings concerning Plaintiffs. (Compl. ¶ 7.) Plaintiffs assert that these Trial Board proceedings were deficient as evident based on the Trial Board minutes, as Defendant District Council 16 did not present any witnesses or

United States District Court
Northern District of California

documentary evidence, instead relying on unsworn summaries and correspondence. (Compl. ¶¶ 8(a), (b), (d).) Plaintiffs further assert that no individualized findings were made as to any Plaintiff, and that identical procedures and substantially identical penalties were imposed. (Compl. ¶¶ 8(c), (e).) Plaintiffs were ultimately found guilty and subjected to fines, suspensions, and mandatory requirements that adversely affected their membership rights and privileges. (Compl. ¶¶ 9, 11.)

Plaintiffs timely appealed the decisions to Defendant International Union. (Compl. ¶ 12.) Defendant International Union affirmed the disciplinary findings and penalties. (Compl. ¶ 13.)

On February 27, 2026, Plaintiffs filed this case, asserting a single cause of action for violation of Title I of the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 411(a)(5). On July 31, 2026, Defendants filed this motion to dismiss. On August 13, 2026, Plaintiffs filed their opposition. (Pls.' Opp'n, Dkt. No. 30.) On August 21, 2026, Defendants filed their reply. (Defs.' Reply, Dkt. No. 31.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted). A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a

United States District Court
Northern District of California

cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

## III. DISCUSSION

### A. LMRDA § 101(a)(5)

Plaintiffs bring a single claim pursuant to LMRDA § 101(a)(5), which provides in relevant part: "No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined . . . unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing." 29 U.S.C. § 411(a)(5). Here, Plaintiffs assert that they were not given a full and fair hearing.[1] (*See* Compl. ¶ 15; Pls.' Opp'n at 3.)

While "[t]he full and fair hearing requirement has been compared to traditional concepts of due process of law . . . a union disciplinary hearing need not incorporate the same protections found in criminal proceedings." *Myers v. Affiliated Prop. Craftsmen*, 667 F.2d 817, 820 (9th Cir. 1982). Rather, to satisfy the "full and fair hearing" requirement, the charging party must "provide **some evidence** at the disciplinary hearing to support the charges made." *Int'l Bhd. of*

[1] In the complaint, Plaintiffs make the conclusory assertion that they "were not afforded a meaningful opportunity to prepare or present individualized defenses," but do not allege that they were not given reasonable time to prepare their defense. (*See* Compl. ¶ 10.) Plaintiffs' opposition likewise focuses solely on the failure to provide a "full and fair hearing." (*See* Pls.' Opp'n at 3.)

*Boilermakers v. Hardeman*, 401 U.S. 233, 246 (1971) (emphasis added). The "some evidence" standard is not high. *Georgopulous v. Int'l Bhd. of Teamsters*, 942 F. Supp. 883, 895 (S.D.N.Y. 1996) ("The burden of proof regarding disciplinary charges against a union member is low--the charging party must provide only some evidence at the disciplinary hearing to support the charges made."). For example, courts have found that a plaintiff's admission of responsibility "alone may meet the deferential 'some evidence' st[andard]." *Nakanelua v. United Pub. Workers, AFSCME, Local 646* ("*Nakanelua II*"), No. 20-00442 JAO-KJM, 2022 U.S. Dist. LEXIS 9207, at *35 (D. Haw. Jan. 19, 2022). Other courts have found that a plaintiff was afforded a full and fair hearing where "witnesses testified at the trial and evidence was presented, just not all of the evidence [the plaintiff] wanted to present." *Sw. Reg'l Council of Carpenters v. McCarron*, No. CV 14-2762 PA (JCx), 2014 U.S. Dist. LEXIS 206967, at *29 (C.D. Cal. Dec. 23, 2014).

Here, both parties rely on the Trial Board Minutes attached to the operative complaint to argue their position. (Defs.' Mot. to Dismiss at 7; Pls.' Opp'n at 5.) Further, both parties appear to argue that the Trial Board Minutes support dismissal of the complaint or denial of the motion to dismiss in their entirety. (*Id.*) The Court, however, reviews each of the Trial Board Minutes to determine whether "some evidence" was presented at each disciplinary proceeding.

**i. Nicholas B. King**

The Trial Board Minutes for Plaintiff King state that a "statement from Chris Burnett that [Plaintiff] King had signed" had been received. (Compl., Exh. A.) After Plaintiff King was asked if he had received and understood the charges, Plaintiff King plead not guilty and passed out a written statement that was read out loud. (*Id.*) Thereafter, the Trial Board deliberated and found Plaintiff King guilty of 15 violations. (*Id.*)

Plaintiffs argue that the Trial Board Meetings do not show that any witness testimony, investigative interview, documentary evidence, or other evidence was presented against Plaintiff King. (Pls.' Opp'n at 5.) The Court agrees. While the Court does not suggest that certain types of evidence are required, *e.g.*, sworn witness testimony, documentary evidence, etc. -- *some* evidence is still required. While the "some evidence" standard is low, there is nothing in the operative complaint or the Trial Board Meetings to suggest that any evidence was presented that

would support Plaintiff King's conviction. *See Hardeman*, 401 U.S. at 246 ("We have repeatedly held that convictions on charges unsupported by any evidence is a denial of due process.").

In reply, Defendants argue that each Plaintiff, including Plaintiff King, was asked if they knew and understood the charges against them, at which point they could have challenged the allegation that they had approved the disbursement that was at issue. (Defs.' Reply at 3.) Defendants thus appear to assume that Plaintiffs' failure to affirmatively deny the disbursement constitutes "some evidence" of guilt. (*Id.*) Defendants, however, provide no authority in support of such a proposition, despite acknowledging at the hearing that this would change the burden of proof such that Plaintiff would be required to prove innocence. It is, however, Defendants' burden of proof to demonstrate guilt. *See Nakanelua v. United Pub. Workers, AFSCME, Local 646* ("*Nakanelua I*"), No. 20-00442 JAO-KJM, 2021 U.S. Dist. LEXIS 25345, at *39 (D. Haw. Feb. 10, 2021) ("The Court agrees that if Plaintiffs bore the burden of proof, Plaintiffs would have been denied a full and fair hearing because the burden of proof -- while not very high -- rests with the union.").

Alternatively, Defendants contend that for each hearing, the Trial Board knew and had access to the charges against each Plaintiff and the investigative findings for each Plaintiff. (Defs.' Reply at 3.) The Court, however, is constrained by the operative complaint and its attachments at the pleading stage. There is nothing in the pleadings that suggests that the investigative findings for each Plaintiff constituted "some evidence" of guilt, nor do the operative complaint or Trial Board Minutes suggest that those investigative findings were presented at Plaintiff King's disciplinary hearing. As to the argument that the charges themselves constitute "some evidence," Defendants admitted at the hearing that they had no authority in support of this remarkable proposition, which would effectively allow an individual to be found guilty on the charges presented without the production of any evidence whatsoever.

Finally, Defendants rely on an unpublished Ninth Circuit case to argue that an LMRDA claim fails when there are undisputed facts supporting the charge. (Defs.' Reply at 5.) It is not apparent the Ninth Circuit meant to do away with the requirement that "some evidence" be presented at the hearing; indeed, the Ninth Circuit acknowledged that *Hardeman* requires that

"[t]he charging party must provide some evidence at the disciplinary hearing to support the charges made." *Osburn v. Int'l All. of Theatrical Stage Emps.*, 752 F. App'x 385, 388 (9th Cir. 2018). The Court further notes that unlike the present motion, the Ninth Circuit was considering the grant of a summary judgment motion, where evidence outside of the pleadings could be considered. *See id.*

Accordingly, the Court finds that Plaintiff King has adequately alleged a LMRDA violation based on the lack of a full and fair hearing at the pleading stage.

**ii. Leonard Quintana**

The Trial Board Minutes for Plaintiff Quintana state that after the charges were read and Plaintiff Quintana pled not guilty, Plaintiff Quintana admitted he had been told that the other glaziers' memberships had not approved their strike committee payments or the increased strike duty payments to the membership, and that "[m]aybe they should have gotten the payments approved beforehand and that might be on him but they are trying to change things." (Compl., Exh. B at 1.) Plaintiff Quintana further "stated that all of this is on him and that he takes the blame for every member that was brought up on charges[.]" (*Id.*) The Trial Board then deliberated and found Plaintiff Quintana guilty of 15 violations. (*Id.* at 2.)

Defendants correctly point out that Plaintiff Quintana effectively admitted that he made payments that he should have gotten approved beforehand. (Defs.' Opp'n at 7.) While the Court does not suggest that Plaintiff Quintana admitted that the payments were improper, his acknowledgment that the payments were made without authorization satisfies the "some evidence" standard. *See Nakanelua II*, 2022 U.S. Dist. LEXIS 9207, at *35. At the hearing, Plaintiff Quintana argued that they did comply with the rules and protocol based on prior strikes, but whether the payments actually were improper is a separate matter as to whether the "some evidence" standard -- which is a very low standard -- was satisfied.

Accordingly, the Court finds that Plaintiff Quintana has not sufficiently alleged a LMRDA violation based on the lack of a full and fair hearing. Further, because the Trial Board Minutes attached and incorporated into the operative complaint effectively demonstrate that the "some evidence" standard was met, his claim must be dismissed with prejudice.

The Court notes that Defendants observe that Plaintiff Quintana's statement effectively implicated every Plaintiff in this case. (Defs.' Opp'n at 7.) To the extent Defendants suggest that his statement constitutes "some evidence" as to every Plaintiff, however, there would still need to be some showing that Plaintiff Quintana's statement was then presented at the disciplinary proceeding of all other Plaintiffs. *See Hardeman*, 401 U.S. at 246 (explaining that the charging party must "provide some evidence **at** the disciplinary hearing") (emphasis added). There is nothing in the operative complaint or Trial Board Minutes, however, to suggest that Plaintiff Quintana's statement was presented at every disciplinary proceeding at issue in this case.

**iii. Marlon Rodriguez**

The Trial Board Minutes for Plaintiff Rodriguez state that after the charges were read and Plaintiff Rodriguez plead not guilty, Plaintiff Rodriguez submitted a statement and an e-mail he had sent to Trevor Long when he had received a notice to repay the unauthorized funds. (Compl., Exh. C.) Plaintiff Rodriguez then stated that "this happened almost a year ago and everyone just wants to move on" before reading a written letter which was submitted. (*Id.*) The Trial Board then deliberated and found Plaintiff Rodriguez guilty of 14 violations. (*Id.*)

At the hearing, Plaintiff Rodriguez explained that that when stating "this happened almost a year ago," "this" referred not to the payments, but to the friction between the union and the local. Plaintiff Rodriguez further stated that he never acknowledged that the payments were made. Defendants' suggestion that by virtue of finding him guilty, the Trial Board must have interpreted "this" as referring to the payments is not well-taken; there is nothing in the record to support such a bald assertion.

Accordingly, the Court finds that Plaintiff Rodriguez has adequately alleged a LMRDA violation based on the lack of a full and fair hearing at the pleading stage.

**iv. Steve Rodrigues**

The Trial Board Minutes for Plaintiff Rodrigues state that after the charges were read and Plaintiff Rodrigues plead not guilty, Plaintiff Rodrigues explained that "there was some confusion with the strike committee not getting the payments approved by the membership, but it was approved afterwards in the Jan 2025 meeting, and he feels that this is a waste of time and

resources." (Compl., Exh. D.) The Trial Board then deliberated and found Plaintiff Rodrigues guilty of 11 violations. (*Id.*)

Again, Plaintiff Rodrigues effectively admitted that the payments were made and that they were not authorized at the time they were made. This admission satisfies the "some evidence" standard. *See Nakanelua II*, 2022 U.S. Dist. LEXIS 9207, at *35.

Accordingly, the Court finds that Plaintiff Rodrigues has not sufficiently alleged a LMRDA violation based on the lack of a full and fair hearing, such that his claim must be dismissed with prejudice.

**v. Max Snelling**

The Trial Board Minutes for Plaintiff Snelling state that after the charges were read and Plaintiff Snelling pled not guilty, Plaintiff Snelling "stated that everything was good because Roberts Rules of Order allowed them to do what they did." (Compl., Exh. E.) The Trial Board then deliberated and found Plaintiff Snelling guilty of 12 violations. (*Id.*)

As above, Plaintiff Snelling effectively admitted to the conduct charged. This admission satisfies the "some evidence" standard. *See Nakanelua II*, 2022 U.S. Dist. LEXIS 9207, at *35. While Plaintiff Snelling argued at the hearing that the minutes did not include the specific wording of what was stated, there is no requirement that an exact transcript be provided. A summary of what was stated is sufficient, even if not grammatically precise.

Accordingly, the Court finds that Plaintiff Snelling has not sufficiently alleged a LMRDA violation based on the lack of a full and fair hearing, such that his claim must be dismissed with prejudice.

**vi. Raymond Navarro**

The Trial Board Minutes for Plaintiff Navarro state that after the charges were read, Plaintiff Navarro said he was part of a letter submitted by Chris Burnett before pleading not guilty. (Compl., Exh. F.) Plaintiff Navarro then stated he wished to make no other statement. (*Id.*) The Trial Board then deliberated and found Plaintiff Navarro guilty of 12 violations. (*Id.*)

As with Plaintiff King, the Court finds that based on the operative complaint and attachments, there is nothing to suggest that the "some evidence" standard was met. For example,

there is nothing in the complaint or the Trial Board Minutes that explain what was stated in the Chris Burnett letter. At the hearing, Defendants complained that an individual's silence should not be able to prevent the Trial Board from finding that individual guilty. This is beside the point; even if an individual declines to make a statement, the Trial Board still has an independent obligation to present "some evidence" that supports conviction. Based on the pleadings and the Trial Board minutes, however, there is no showing that "some evidence" was in fact presented, whether by the Trial Board or an admission by a plaintiff.

Accordingly, the Court finds that Plaintiff Navarro has adequately alleged a LMRDA violation based on the lack of a full and fair hearing at the pleading stage.

**vii. Danny Linares**

The Trial Board Minutes for Plaintiff Linares state that after the charges were read and Plaintiff Linares pled not guilty, Plaintiff Linares referred the Trial Board to the Chris Burnett letter. (Compl., Exh. G.) Plaintiff Linares then stated that "the main issue was not getting the membership to authorize payments to the strike committee but th[ey] did that 7 months later in the January meeting after the fact and Robert's Rules of Order does not give a timeline to amend the meeting minutes." (*Id.*) The Trial Board then deliberated and found Plaintiff Linares guilty of 13 violations. (*Id.*)

Like Plaintiffs Rodrigues and Snelling, Plaintiff Linares effectively admitted that payments were made without authority, even though authority was obtained later. This admission satisfies the "some evidence" standard. *See Nakanelua II*, 2022 U.S. Dist. LEXIS 9207, at *35.

Accordingly, the Court finds that Plaintiff Linares has not sufficiently alleged a LMRDA violation based on the lack of a full and fair hearing, such that his claim must be dismissed with prejudice.

**viii. Jesse Nunez**

The Trial Board Minutes for Plaintiff Nunez state that after the charges were read and Plaintiff Nunez pled not guilty, Plaintiff Nunez asked what information the Trial Board had about what happened. (Compl., Exh. H.) Interview correspondence was then read, which Plaintiff Nunez disputed as not being recorded properly. (Compl., Exh. H.) Plaintiff Nunez's

representative, Chris Burnett, then stated that "they are both at a loss as to why they are here due to the fact that at the January LU 718 membership meeting the members approved the payments that took [sic] 7 months prior and referenced Roberts Rules of Order[.]" (Compl., Exh. H.) The Trial Board then deliberated and found Plaintiff Nunez guilty of 12 violations. (*Id.*)

In short, Plaintiff Nunez's own representative admitted that the payments were made without authority, even though authority was obtained later. This admission satisfies the "some evidence" standard. *See Nakanelua II*, 2022 U.S. Dist. LEXIS 9207, at *35.

Accordingly, the Court finds that Plaintiff Nunez has not sufficiently alleged a LMRDA violation based on the lack of a full and fair hearing, such that his claim must be dismissed with prejudice.

**ix. Matt Harms**

Finally, the Trial Board Minutes for Plaintiff Harms states that after the charges were read and Plaintiff Harms pled not guilty, Plaintiff Harms asked that every charge be explained. (Compl., Exh. I.) The Trial Board then explained that every charged pertained to an interview done with James Hewett and Carlos Martinez before reading notes from the interview. (*Id.*) Plaintiff Harms asserted that the notes did not sound like anything he recalled before providing the Trial Board with a written statement and asking that it be read out loud. (*Id.*) The Trial Board then deliberated and found Plaintiff Harms guilty of 12 violations. (*Id.*)

As with Plaintiffs King and Navarro, the Court finds that based on the operative complaint and attachments, there is nothing to suggest that the "some evidence" standard was met. While it is apparent that the interview notes were read, it is unknown from the pleadings what was in the interview notes. Although Defendants suggested at the hearing that the interview notes are evidence, Plaintiff Harms correctly pointed out that "some evidence of innocence is not some evidence of guilt." In other words, without knowing what was in the interview notes, the Court cannot find at this stage that there was any evidence presented in support of Plaintiff Harms's conviction.

Accordingly, the Court finds that Plaintiff Harms has adequately alleged a LMRDA violation based on the lack of a full and fair hearing at the pleading stage.

United States District Court
Northern District of California

In summary, the Court DISMISSES with prejudice the claims of Plaintiffs Quintana, Rodrigues, Snelling, Linares, and Nunez. As explained above, the Trial Board Minutes attached to and incorporated into the operative complaint effectively demonstrate that "some evidence" was presented as to these individuals, such that amendment is futile. Thus, only the claims of Plaintiffs King, Rodriguez, Navarro, and Harms remain.

**B. Liability of International Union**

Next, Defendants argue that Defendant International Union should be dismissed because its affirmation of the Trial Board's decisions are insufficient to create liability. (Defs.' Mot. to Dismiss at 9.) In *Moore v. Local Union 569 of International Brotherhood of Electrical Workers*, the Ninth Circuit found that an international union could not be held liable for affirming the local affiliate's actions "absent a showing of bad faith or fraud." 989 F.2d 1534, 1542 (9th Cir. 1993). Alternatively, an international union could "incur liability on a theory of ratification only if it affirmed the Local's actions with full knowledge . . . of its unlawful character." *Id.* at 1543.

Here, Plaintiffs only allege that they appealed the Trial Board's decisions to the Defendant International Union, which then "affirmed the disciplinary findings and penalties without correcting the procedural deficiencies alleged herein." (Compl. ¶ 13.) This conclusory allegation is insufficient; at the pleading stage, Plaintiffs must allege *facts* showing that Defendant International Union acted in bad faith or with full knowledge of the unlawful character of the disciplinary proceedings. *See Moore*, 989 F.2d at 1542, 1543. Plaintiffs' argument in their opposition that this is a factual question is insufficient to satisfy this pleading requirement.

Accordingly, the Court DISMISSES without prejudice the claims against Defendant International Union. The Court will allow the remaining Plaintiffs to amend to include facts that Defendant International Union acted in bad faith or with full knowledge of the unlawful character of the disciplinary proceedings. The Court, however, warns that the letter presented by Plaintiffs at the hearing does not appear to satisfy this requirement; the fact that Defendant International Union stated that it would be asking for all facts from the Trial Board does not, without more, suggest bad faith or knowledge of an unlawful character in affirming the disciplinary proceedings. If Plaintiffs cannot, in good faith, amend this claim to allege a cognizable claim, they should not

United States District Court
Northern District of California

amend it and proceed with their remaining claims.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss. The Court GRANTS Defendants' motion to dismiss the claims brought by Plaintiffs Quintana, Rodrigues, Snelling, Linares, and Nunez with prejudice. Further, the Court GRANTS Defendants' motion to dismiss Defendant International Union without prejudice. Thus, the only remaining claims are those of Plaintiffs King, Rodriguez, Navarro, and Harms as to Defendant District Council 16.

Plaintiffs King, Rodriguez, Navarro, and Harms may file an amended complaint within **30 days** of the date of this order; any amendments should be limited to the liability of Defendant International Union. No new claims may be added.

The Court SETS a case management conference for **January 19, 2027** at **1:30 p.m.**

IT IS SO ORDERED.

Dated: October 14, 2026

KANDIS A. WESTMORE
United States Magistrate Judge